IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSHUA W. ROMERO,

    Plaintiff,

v.                                                                                                   No. 24-cv-0076 KWR-GJF

FNU CORDOVA, *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Plaintiff Joshua Romero's Notice of Claim (Doc. 1) (Notice). Plaintiff was previously incarcerated and is proceeding *pro se*. His opening filing purports to give notice of his claim under the New Mexico Tort Claims Act, N.M.S.A. § 41-4-1, *et. seq.*, (NMTCA). *See Coffey v. McKinley County*, 504 Fed. App'x 715, 719–20 (10th Cir. 2012) (notice of a NMTCA "claim for damages must be given to the appropriate governmental entity"). Plaintiff alleges Sergeant Cordova and other officers used excessive force against him in a state facility. *See* Doc. 1 at 1. The Notice is addressed to the Curry County Risk Management Division and the Sheriff of Curry County. *Id*. However, the mailing envelope is addressed to this Court. *Id.* at 3. The Notice does not cite additional authority beyond the NMTCA and does not contain a request for relief. *Id.* at 1-2.

    On January 23, 2024, the Clerk's Office mailed Plaintiff a blank civil rights complaint, in the event he intends to raise a federal claim under 42 U.S.C. § 1983. The Clerk's Office also mailed Plaintiff a blank motion to proceed *in forma pauperis*. Plaintiff did not return any completed forms or amend the Notice to raise a § 1983 claim. The Court will therefore treat the

Notice as the operative pleading/complaint at this time.

Federal Courts only have authority to hear controversies arising under federal law (federal-question jurisdiction) and controversies arising between citizens of different states (diversity jurisdiction). *See* 28 U.S.C. §§ 1331, 1332. "[F]ederal question jurisdiction must appear on the face of the complaint." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quotations omitted). Courts must "look to the way the complaint is drawn" to determine whether it asserts a "right to recover under the Constitution and laws of the United States." *Id.* To establish diversity jurisdiction, "the complaint must allege that the plaintiff and defendant are citizens of different states and that the amount in controversy is greater than $75,000." *Rice v. Off. of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001).

The Notice here does not satisfy either standard. Plaintiff has not established federal question jurisdiction, as the Notice does not assert a right to recover under the Constitution or federal law. As noted above, the Notice only seeks relief under the NMTCA. There are also no allegations regarding the citizenship of any party or the amount in controversy for purposes of diversity jurisdiction. Accordingly, the Court appears to lack jurisdiction to adjudicate the claims in the Notice. Plaintiff must file a response within thirty (30) days of entry of this ruling showing cause, if any, why the Notice should not be dismissed for lack of jurisdiction. If Plaintiff intended to give notice of his claims to state officials and/or file a case in state court, rather than initiating this federal case, he does not need to respond to this Order. The failure to timely respond and establish a basis for federal jurisdiction may result in dismissal of this case, but such dismissal will be without prejudice to refiling the NMTCA claims in state court.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Plaintiff shall show

cause, if any, why the Notice should not be dismissed without prejudice for lack of jurisdiction.

**SO ORDERED**.

　　　　　　　　　　　　　　　　　　　／S／　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　KEA W. RIGGS
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE