IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSHUA W. ROMERO,

    Plaintiff,

v.                                                                      No. 24-cv-0076 KWR-GJF

FNU CORDOVA, *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court following Plaintiff Joseph W. Romero's failure to establish a basis for federal jurisdiction as directed. Plaintiff was previously incarcerated and is proceeding *pro se*. His opening pleading purports to give notice of his claim under the New Mexico Tort Claims Act, N.M.S.A. § 41-4-1, *et. seq.*, (NMTCA). *See Coffey v. McKinley County*, 504 Fed. App'x 715, 719–20 (10th Cir. 2012) (notice of a NMTCA "claim for damages must be given to the appropriate governmental entity"). Plaintiff alleges Sergeant Cordova and other officers used excessive force against him in a state prison. *See* Doc. 1 at 1. The Notice is addressed to the Curry County Risk Management Division and the Sheriff of Curry County. *Id*. However, the mailing envelope is addressed to this Court. *Id.* at 3. The Notice does not cite additional authority beyond the NMTCA and does not contain a request for relief. *Id.* at 1-2.

    On January 23, 2024, the Clerk's Office mailed Plaintiff a blank civil rights complaint, in the event he intends to raise a federal claim under 42 U.S.C. § 1983. The Clerk's Office also mailed Plaintiff a blank motion to proceed *in forma pauperis*. Plaintiff did not return any completed forms or amend the Notice to raise a § 1983 claim.

By a Memorandum Opinion and Order entered May 9, 2024, the Court analyzed the Notice and determined it fails to allege a basis for federal jurisdiction. *See In re Syngenta AG MIR 162 Corn Litig.,* 61 F.4th 1126, 1170 (10th Cir. 2023) (federal courts may *sua sponte* analyze jurisdiction); *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (the basis for jurisdiction must appear on the face of a complaint). The Notice does not assert a "right to recover under the Constitution and laws of the United States," which is necessary to establish federal question jurisdiction. *Firstenberg*, 696 F.3d at 1023. It also fails to establish diversity jurisdiction by alleging "that the plaintiff and defendant[s] are citizens of different states and that the amount in controversy is greater than $75,000." *Rice v. Off. of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001).

For these reasons, the Court directed Plaintiff to file a response showing cause, if any, why the Notice should not be dismissed for lack of jurisdiction. Plaintiff was warned that the failure to timely respond and establish a basis for federal jurisdiction may result in dismissal of this case. The thirty-day deadline to file a response expired no later than June 10, 2024. Plaintiff did not respond, show cause for such failure, or otherwise respond to the Memorandum Opinion and Order. The Court will therefore dismiss the Notice without prejudice for lack of jurisdiction. *See Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims."). Plaintiff may refile his NMTCA claims in state court, if he still wishes to prosecute the Notice.

**IT IS ORDERED** that Plaintiff Joseph W. Romero's Notice of Claim Under the NMTCA (**Doc. 1**) is **DISMISSED without prejudice** for lack of jurisdiction; and the Court will enter a

separate judgment closing this civil case.

**SO ORDERED**.

_____/S/_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE